IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

KIM M. S.,

                Plaintiff,

    v.                                    Civil Action No.
                                        5:18-CV-0068 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

DOLSON LAW OFFICE               STEVEN R. DOLSON, ESQ.
126 North Salina Street, Suite 3B
Syracuse, NY 13202

FOR DEFENDANT:

HON. GRANT C. JAQUITH          GRAHAM MORRISON, ESQ.
U.S. Attorney for the               Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on October 17, 2018, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

(1) Plaintiff's motion for judgment on the pleadings is GRANTED.

(2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

(3)   The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

(4)   The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   October 18, 2018
         Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------x
KIM MARIE S.,

                          Plaintiff,

vs.                           5:18-CV-68

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
-------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on October 17, 2018, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.


A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | LAW OFFICES OF STEVEN R. DOLSON<br>Attorneys at Law<br>126 N. Salina Street, Suite 3B<br>Syracuse, New York  13202<br>  BY:  STEVEN R. DOLSON, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York  10278<br>  BY:  GRAHAM MORRISON, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1  (In Chambers, Counsel present by telephone.)
2  THE COURT: I have before me a request for judicial
3  review of an adverse determination by the Acting Commissioner
4  pursuant to 42 United States Code Section 405(g).
5  The background is as follows: The plaintiff was
6  born in October of 1963 and is currently 55 years old, she
7  was 51 years old at the time of the alleged onset of her
8  disability. She stands 5 foot 3 inches in height, she has
9  weighed various amounts, 216 -- 216 pounds, that's at 190 and
10 406 of the administrative transcript; 202, that's at page 40,
11 I believe that was in her testimony. Plaintiff is
12 left-handed. She lives alone in a third-floor apartment in
13 Oneida, New York. Plaintiff has a driver's license but does
14 not own a vehicle. She has a ninth grade education and did
15 not achieve a GED. Plaintiff acknowledged during the hearing
16 that she can read, write, do basic math, and use a computer.
17 Plaintiff last worked in June 2015 when she stopped
18 on doctor's orders. Before stopping, she worked at Oneida
19 Molded Plastics where she was a mold operator. Before that,
20 at various times in 2004 and 2008 she worked for the Oneida
21 Nation as a cashier and as a stock person. She also was a
22 receptionist in the early 2000s at a hair salon.
23 Plaintiff suffers from physical impairments as well
24 as some minor mental impairments. She was -- has been
25 diagnosed as suffering from degenerative disk disorder,

1   fibromyalgia, obesity, hypertension, diabetes, shoulder and
2   neck pain, fatigue, and fibro fog, tingling arms, wrists, and
3   elbows.  She underwent ulnar nerve decompression surgery in
4   April of 2016.  She also underwent a laminectomy at L4-L5 in
5   2000, there's one reference to 2000 but at page 405 there's a
6   reference to that occurring in 1997.
7           Plaintiff has been prescribed various medications,
8   including losartan, hydrochlorothiazide, metoprolol,
9   citalopram, omeprazole, Jentadueto, gabapentin, and Apidra
10  insulin.
11          For daily activities, according to pages 203 and
12  406 of the administrative transcript, plaintiff can cook,
13  bake, clean, shop, wash dishes, does laundry, watches
14  television, socializes with friends, walks, does gardening,
15  fishing, bowling, goes for boat rides, visits her son and
16  grandchildren.
17          The procedural history is as follows:  Plaintiff
18  applied for Title II Disability Insurance benefits on
19  June 12, 2015, alleging an onset date of May 7, 2015.  She
20  claimed disability as a result of chronic fatigue,
21  fibromyalgia, and short-term memory issues, and
22  costochondritis diabetes -- and diabetes.
23          A hearing was conducted on January 27, 2017 by
24  Administrative Law Judge Paul Greenberg.  ALJ Greenberg
25  issued an unfavorable decision on April 24, 2017.  That

1 decision became a final determination of the agency on
2 December 29, 2017 when the Social Security Administration
3 Appeals Council denied plaintiff's request for review.
4       In his decision, ALJ Greenberg applied the familiar
5 five-step sequential test for determining disability.
6       At step one he concluded that plaintiff had not
7 engaged in substantial gainful activity after her alleged
8 onset date.
9       At step two, he concluded that plaintiff suffers
10 from severe impairments that present more than minimal
11 limitations on her ability to perform work-related functions,
12 including degenerative disk disease, fibromyalgia, and
13 obesity.
14       At step three, the ALJ concluded that plaintiff did
15 not meet or medically equal any of the listed presumptively
16 disabling conditions listed in the Commissioner's
17 regulations, specifically including 1.02 and 14.09, as well
18 as SSR 12-2p related to fibromyalgia, and SSR 02-1 pertaining
19 to obesity.
20       He then concluded that plaintiff retains the
21 residual functional capacity or RFC to perform light work
22 with additional limitations, listed at page 18 of the
23 administrative transcript.
24       At step four, the administrative law judge
25 concluded plaintiff is unable to perform her past relevant

1  work as a molder, as a convenience store clerk, and as a
2  receptionist.
3         At step five, with the assistance of testimony from
4  a vocational expert, he concluded that plaintiff is capable
5  of performing the functions of a school bus monitor and a
6  counter clerk, both of which are light positions with an SVP
7  of 2 and therefore found that the plaintiff was not disabled
8  at the relevant times.
9         As you know, my task is limited, I must determine
10 whether correct legal principles were applied and the
11 determination is supported by substantial evidence.
12        In this case, there's no question that there are
13 two statements concerning plaintiff's limitations from Nurse
14 Practitioner Julie Glaza, one from October 11, 2016 that
15 begins at page 447, and the other from May 16, 2016, that
16 begins at page 439.  They're not referenced anywhere in the
17 administrative law judge's decision.
18        I agree with plaintiff that the applicable
19 regulation and Social Security Ruling, including 20 CFR
20 Section 404.1527(f), require that sources -- medical opinions
21 from sources, nonacceptable medical sources must nonetheless
22 be considered and weighed, and *Kohler*, the decision cited by
23 plaintiff, *Kohler v. Astrue*, 546 F.3d 260, that's a Second
24 Circuit decision from 2008, indicates that the opinions
25 should at least be given some consideration.

1          I am -- I could be persuaded that this error could
2    be viewed as harmless.  The two opinions at issue appear to
3    suggest the plaintiff's condition and disability is temporary
4    in nature from -- expected to last from 7 to 11 months and
5    therefore potentially could not meet the durational
6    requirements of the Act and the Regulations.
7          The -- you could argue also that the moderate
8    limitation on pushing and pulling is consistent with light
9    work.  Light work requires some pushing and pulling of arm or
10   leg controls, that's set forth in 20 CFR Section 404.1567(b).
11   And -- but there are also some mental limitations indicated
12   on that, on those two medical source statements.
13         And yes, they are contrary to Dr. Santoro and
14   Dr. Bhutwala's opinions, but in my view there should have
15   been an explanation as to what, if any, weight was afforded
16   to these medical source statements so that the court could
17   make a meaningful judicial review.
18         The other issue I have is with respect to the
19   opinions of Dr. Reid.  Once again, while Dr. Reid's opinion
20   from February 13, 2006 -- 2017, that's in the record at 16F
21   beginning at 738, was considered and addressed, the earlier
22   opinion from May 11, 2016 was not, that begins at page 437.
23   That opinion supports the nurse practitioner's view that
24   plaintiff's ability to push and pull as well as bend is
25   moderately limited.  Again, that should have been discussed

1  and addressed by the ALJ. And it also, it also renders an
2  opinion that plaintiff is very limited in using her hands,
3  that's at page 438. Obviously that's contradicted by
4  Dr. Reid's later medical source statement, which at page 740
5  indicates that the plaintiff does not have significant
6  limitations with reaching, handling, or fingering. But I
7  think these are, this is a discrepancy that warranted
8  discussion, so that the court would know why Dr. Reid's
9  earlier opinions were rejected.
10         So I -- I, I understand the administrative law
11 judge's thinking, certainly plaintiff has a robust, probably
12 one of the more full range of daily activities that I've
13 seen, but nonetheless, and I also have to take into
14 consideration the elusive nature of fibromyalgia as an
15 impairment. I think this needs a closer look and an
16 explanation as to why those opinions, one from Dr. Reid and
17 two from Nurse Practitioner Glaza, were discounted, so I will
18 grant judgment on the pleadings to the plaintiff, but without
19 a directed finding of disability, and remand the matter for
20 further proceedings.
21         Thank you both for excellent presentations, have a
22 good afternoon.
23         MR. DOLSON: Thank you, Judge.
24              (Proceedings Adjourned, 2:26 p.m.)
25

1    CERTIFICATE OF OFFICIAL REPORTER
2
3
4        I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5    Official Realtime Court Reporter, in and for the
6    United States District Court for the Northern
7    District of New York, DO HEREBY CERTIFY that
8    pursuant to Section 753, Title 28, United States
9    Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                   Dated this 17th day of October, 2018.
17
18
19                   /S/ JODI L. HIBBARD
20                   JODI L. HIBBARD, RPR, CRR, CSR
                     Official U.S. Court Reporter
21
22
23
24
25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547